■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JO JONES, Also Known as CAROL JOHNSON, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Queens County (1) the first rendered February 6, 1975, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence (Indictment No. 8267-74), and (2) the second rendered May 12, 1975, convicting her of criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence (Indictment No. 8268-74). Judgment rendered February 6, 1975 affirmed. Judgment rendered May 12, 1975 reversed, on the law, plea vacated, and action remitted to the Criminal Term for further proceedings consistent herewith. Prior to sentence on May 12, 1975, the court denied defendant's request to withdraw her guilty plea, which she claimed she had entered because she was "afraid of having to serve more time". Defendant entered the guilty plea on April 10, 1975, after the selection of nine jurors, and in response to a statement by the same Judge who had presided at the trial two months before (on Indictiment No. 8267-74) to the effect that the defendant would not receive a concurrent sentence if the State was put to the expense of a trial. That statement reflects an erroneous view of the law since, in the defendant's situation here, the minimum sentences would merge by operation of law should the sentences be consecutive (see Penal Law, § 70.30). In our view of this record, the coercive effect of the statement on the defendant cannot be dispelled. It matters not that her counsel may have also been laboring under the same misapprehension of the law as the court, for in that event he became an accomplice to the coercion which resulted in the plea. Accordingly, it was error to deny the defendant's motion to withdraw her plea. Mollen, P. J., Hopkins, Titone, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS E. LEE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 22, 1975, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment affirmed. Along with the other contentions raised on appeal, we have considered defendant's *pro se* argument (embodied in a letter dated May 10, 1978) that he was denied the effective assistance of counsel both in the trial court and on this appeal. We find the contentions to be lacking in merit. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.