THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSEPH WASHINGTON, Appellant. [600 NYS2d 397] —Judgment unanimously affirmed. Memorandum: The record does not support defendant's contention that his plea was coerced. During his plea colloquy, defendant indicated that he was satisfied with the advice and representation of counsel, that his plea was not the result of any threat or coercion, and that he was waiving his right to appeal. Because of defendant's pending CPL article 440 motion, it was necessary for the trial court to vacate defendant's judgment of conviction before it could accept defendant's guilty plea. Defendant's reliance upon *People v Jones* (63 AD2d 1008) and *Matter of Randall v Rothwax* (161 AD2d 70, *affd* 78 NY2d 494, *cert denied sub nom. Morgenthau v Randall,* — US —, 112 S Ct 1588) is misplaced. Those cases stand for the proposition that, where a guilty plea is "prompted by a grossly inaccurate and inappropriate representation" of the law by the trial court, the plea cannot be permitted to stand *(Matter of Randall v Rothwax, supra,* at 75). Defendant has not cited any incorrect or inappropriate statement of law prompting his guilty plea. Even if the trial court erred in substituting a juror at defendant's first trial, that error did not "prompt" defendant's guilty plea. (Appeal from Judgment of Monroe County Court, Bristol, J.— Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Lawton, Boomer and Davis, JJ.